Our final case for the morning is Collick, et al. v. William Patterson, et al. Appellate number 16-4344. We have some New Jersey lawyers here, the New Jersey Council. Good morning, Your Honor. Good morning. Good morning, and may it please the Court. My name is Matthew Beck, and I represent the appellant, William Patterson, University, et al. I'd like to begin by reserving three minutes of my time. That's granted. Thank you, Your Honor. So this case arises from a reported five-on-one sexual assault in a freshman dorm room. Several days before Thanksgiving in 2014, a victim, a purported victim, reported to the University Police that she had been raped by five male college students, which included the two plaintiffs. Following that identification, the two plaintiffs were arrested, temporarily suspended, pending the school's disciplinary process. What I think the rub here is that it was only following that identification that these students were arrested, and that the officers didn't do, as I understand the complaint literally, didn't do anything else. And there were some rudimentary investigatory steps which were available to them, right? Your Honor, for purposes of this motion, we have to agree with you for that, yes. Well, you'd probably want to agree with me anyway, wouldn't you? No, I'm just kidding. Standing here, I agree with him. One of the questions I had was, because we talked later in the case about the reliance on a validly issued warrant. It's my understanding that one, who swore out the affidavit for the warrant? There was an affidavit of probable cause, correct? And was it sworn out by one of the defendant officers? There were, Your Honor. I thought that was the case. If that is the case, we're really kind of conflating two issues, right? This is not a case where one of the defendant officers was relying upon a warrant that was sworn out by a fellow officer. So the only information upon which the plaintiffs were arrested was provided by the defendants, and, in fact, the warrant was issued solely as a result of representations made by the defendants, correct? That's right. And case law makes clear that a possible identification by a victim witness on its own establishes probable cause unless there is additional factors such as independent exculpatory evidence or substantial evidence of the witness's own reliability. Everything that plaintiffs complain about is- Do the officers have any obligation to vet the witness's reliability with respect to that second prong? And I thought we were also talking about whether or not the officers possessed information or had reasonable access to information, right? So if they do, don't they have an obligation to follow up on it? Well, Your Honor, they're always going to have access to additional information, but the law is clear that once officers have probable cause, they don't have a duty to continue to investigate. Could the officers have done more? Sure, absolutely. And might other officers put in that same position have done more? Absolutely. But that's not the test. And, importantly, the only purpose why we're here now is this qualified immunity analysis. And do we have appellate jurisdiction? Absolutely, Your Honor. Okay. I'm going to let you finish up with your answer on that. Of course, thank you. Because I think that they are sort of related. Right. Because if you look closely at Judge McNulty's opinion, he concluded that there was a factual dispute, or at least some facts upon which he could not conclude that your clients would be entitled to immunity based upon the facts. He did, Your Honor. And as a result, just if I could just stay on the appellate jurisdiction for a second. And as a result, how do we have jurisdiction now to decide this issue? He fulfilled his obligation under our case law. He identified the constitutional rights at issue. He made a pronouncement as to the fact they were clearly established. He then looked at the facts. And it sounds to me, both from the oral argument and the briefing, the dispute is about the application of the legal standard to the facts. And so it came down to a disagreement about how he construed the facts. And, therefore, I'm not sure we have jurisdiction yet.  I disagree with that in one way, Your Honor. We're not disagreeing at this point with the facts because we can't. We can't say the officer had also done this or done that or maybe she did look at videotape. All of those things we can't talk about because we have to assume the facts alleged in the complaint. All of the things they're complaining about are those things that the officer did not do or did not know because the officer had not done it at the time. I have to accept that for purposes of this argument. So based on what the officers knew at the time, which is solely the victim-witness's statement. An active problem might be solely, right? Yeah, but then you get to the second prong of qualified immunity analysis, which is what, Your Honor, Judge McCulty wrote a very thorough, thoughtful opinion, as you'd expect from him. But what he didn't do and what his fundamental flaw was, he did not address the qualified immunity, the second prong of it, whether the constitutional rule was clearly established at the level of specificity that the Supreme Court and this Court has repeatedly and recently told district courts that they must do. How much more specific could he have been? He said you have a right not to be arrested absent probable cause and you have a right not to have an officer engage in a reckless disregard of the truth and should disclose to the neutral magistrate the facts that are relevant to the probable cause determination. Should you want to drill down one more level and say, and by the way, the law is not clearly established concerning whether you can rely on a sole victim or not? So I do, Your Honor, and if you take a look at the Supreme Court precedent where they want you to not talk about principles at that high level of generality, the Fourth Amendment prohibits arrest without probable cause, they want you to look at the facts that the officers faced. And here, the facts were that you had a victim witness in a rape case, right, which are often he said, she said cases. It's not like a shooting where, you know, necessarily you have obvious evidence of something. It's a he said, she said. Could an officer have reasonably determined there's probable cause based on that? And if you look at the cases we cite, Lallemand from the First Circuit, Mitchell v. Blinsky in this circuit, right, those cases would have told a reasonable officer, I think the facts of those cases are actually even worse than the facts here. Yeah, but those cases, they had some corroborative something. There was some corroboration. And here, based on the allegations in the complaint, all we have is the victim went to the police and made her allegation. Police officers reacted. Your Honor, if you take a look at Mitchell v. Blinsky. And I think it is enough. I mean, I think there are cases that say that's enough, yeah. I think that's right. If you take a look at Mitchell v. Blinsky, you have employees of an airline who stay at a hotel. And a month after they stay at that hotel, the victim witness says, my coworker raped me in that room. All that's in the evidence is that she gave a statement, both written and oral, to it, and then that they got evidence from the hotel room that's putting them there. Here, there's no dispute that the five individuals were in the room and had a sexual encounter with the victim. So it's admitted. It's just simply was it consensual or not. And isn't that a question of fact? And if it is, then how can we exercise appellate jurisdiction at this stage on this issue? No, it's not. Whether you're successful at a later stage in the case is a totally different question. But doesn't that apply both ways? That the police don't have a duty to fully investigate a case when they get a complaint. They have a duty if they have probable cause for arrest to make the arrest. And then the process of the criminal proceeding, as happened here, will determine, in fact, there was a probable cause and they weren't prosecuted. That's exactly right, Judge Roth. Officers need to have some breathing room here. They're not held to the standard of beyond a reasonable doubt as if this is a trial. It is at time that they made the arrest, did they have sufficient probable cause? And then qualified immunity gives them that breathing room. There has to be binding authority or a robust consensus of persuasive authority to tell the officers on the fact that they were confronted here, that what they were doing was so wrong that no reasonable officer would have arrested at the time. And when you look, the plaintiff did not, nor did Judge Roth. You don't think there's a factual dispute as to whether a reasonable officer would have effectuated an arrest that quickly based on just what these officers had? You don't think there's a reasonable factual dispute as to whether or not the officers could have done anything? This isn't the factual dispute. If you have the concept that upon a report of a rape may promptly identifying the perpetrators, that an officer could choose to do further investigation but on the basis of the original notification of the rape and the perpetrators, that at that point there is probable cause for arrest whether any further steps could or might be taken. And if this court deems that in a rape, in a sexual assault context, that officers need do more, then respectfully that's this court's option to come to that conclusion. But when you're talking about qualified immunity, it's what did the officers know at the time and what did the case law importantly say? And we have sight of those cases, Laupan and Mitchell and Ovio, that would have been a reasonable officer. Now maybe reasonable officers could have differed. And if that's right, qualified immunity applies. And now I get that Judge McNulty wanted to allow this to go to summary judgment. As I'm hearing some questions here, it's easier. But that's not. I think that Judge McNulty made some hard decisions in this. And we're going to talk about another option, another issue under qualified immunity argument. He looked at this, applied the prism, and said there are facts. I need more facts to be able to determine this. I can't determine this based upon these allegations because if I did, if I accepted all the allegations as true, I would have to conclude it was not reasonable for these officers to arrest. That's the implication of his opinion. And so he doesn't want to go that far and make that judgment. He's simply saying this is not enough because I have to accept these allegations as true. And if I do, they would have been unreasonable. That's his holding. And that is his determination based upon the facts as alleged, not based upon some kind of misapprehension of the law. But what he didn't do and what White v. Pauley, what the Supreme Court and White v. Pauley implored the courts to say, they said today it is again necessary to reiterate the longstanding principle that clearly established law should not be defined at a high level of generality. I understand your position on that. The only case he cited for it was a 1995 case about a public corruption sting. That doesn't help respectfully this court make an analysis, a de novo analysis, as to whether officers with a victim witness and a rape case saying that those five guys raped me, period, end of story. Okay, let's talk about your equal protection claim. You argue that we should also find equal protection, your equal protection claim should be dismissed on qualified immunity grounds. I didn't see any argument in the brief before the district court that you sought qualified immunity on that claim. So, Your Honor, two points. One, we're not necessarily saying that you should find qualified immunity. We're suggesting that the district court did not do the analysis and you should send it back. But in fairness to the district court, Judge, I don't think there was anything in the brief to the district court. I think it was protection that asked the district court to apply qualified immunity. So how can we criticize him and remand him to do something he wasn't asked by the parties, an affirmative defense to assert? So we certainly did not in that section use the words qualified immunity like we did in our Fourth Amendment argument and our procedural due process argument. But we did put in there the standard, which was no binding authority or consensus of persuasive authority. But isn't that summary judgment? And we don't have jurisdiction at this point to consider summary judgment. I'm sorry. I'm not following that, Judge. In this appeal, we can only consider the denial of qualified immunity. We don't have jurisdiction to decide any other question about the adequacy of the complaint or other issues. Well, that's right. But my only point there is we didn't use the magic word qualified immunity, but we made the argument. And, Judge Schwartz, if you follow our brief from those three points, the judge would know that, yeah, there may be a qualified immunity. Maybe, maybe not. But let me ask you guys. Should we? These district courts need a lot of guidance. The procedural due process claims, you do raise a qualified immunity argument there. You definitely do. We know from looking – we looked at the docket yesterday. We know that you guys know how to file a motion for reconsideration. You did it with the sovereign immunity question. I didn't see anything asking the district court to reconsider its ruling on the procedural due process equal protection grounds for failing to address your qualified immunity claim. If I missed it, please tell me. But we haven't really given Judge McNulty an opportunity to correct that if you think there was an error. I agree, Your Honor. We didn't ask you on that point. Fourth Amendment we think is clear. The law is clear. You should go ahead and overturn that ruling. But on the equal protection and on the procedural due process, we do think that remand is appropriate so that the judge can go ahead and do the qualified immunity analysis. And that's why we can save it, unless you want to discuss it, why a more particularized statement would be appropriate there because he's going to have a hard time making that analysis. Well, you didn't ask for a more definite statement to the district court, right? We did not. And we lay out the case law that suggests that it would be appropriate at this point. I understand. Okay. We'll see you in a little while. Thank you, Your Honor. Okay. May it please the Court, my name is Michael Epstein. I'm from the Epstein Law Firm. I represent the two plaintiffs in this case, Your Honors. And with me is Michael Robasco from my office who has been working with me on the cases. He's seated at council table, but I will be doing the argument. The district court recognized that this case raises an issue of great public importance in the first line of its opinion, the manner in which colleges address allegations of sexual assault. And the reason why is a false allegation can be life-altering to an accused student. But that's really separate, right? The underlying issue of how universities handle allegations of sexual assault, I think, is a matter of great public policy for vigorous debate. But in the first instance, this goes to an arrest under the criminal code, not a student disciplinary process. Right? That's correct. I don't think we should be distracted by the underlying fairness or unfairness of a school's disciplinary policy. I'm not saying that. That's just what strikes me. Fair, Your Honor. But I think that if the university police department, along with the university itself, that was – it's not a joint investigation, but it was a university police department that did the initial investigation. Sergeant, going back to my earlier questions, it was a sergeant who did the investigation and sought the arrest of a sergeant who was a defendant in this case, which is Sergeant D.C. Mullen. If I may, I'd like to start with the jurisdiction first, if I can. Going back to Judge Schwartz's question, I do believe that Judge McNulty, in an exhaustive 52-page opinion, thoroughly vetted the facts against the law that's been established by this circuit and the Supreme Court and viewed the case, and these cases have to be viewed in a totality of the circumstances, if the allegations are going to be proven by the plaintiff. And in this case, he did that. And he said, matter of law, I don't think these facts can be dismissed. This case can be dismissed on these facts at this time. And yet there is law that says that this case can be dismissed. So we can make a redetermination from the facts of record, if we so desire, whether it was proper, whether there was probable cause to issue a warrant, and having a warrant issued on probable cause, whether the police could arrest. Now, that says nothing at all about whether some officers might have done further investigation, whether some argument is made about further investigation. But can these police officers, on the information they had and on the warrant issued for probable cause, do they have the right to make the address? And I think there's myriad case law that says they did have the right to make the address. And so it's improper, then, to go behind that and dissect the facts out to say, well, but here's another situation where he might not have, after a week's investigation, might not have found probable cause. We're talking about, at the moment, when there's a charge of a sexual assault, when you're worrying if you let these guys go free, are they going to turn around tomorrow and do the same thing? And did the police officers here have, according to what police officers know, adequate demonstration that there was probable cause to make the arrest? And I think if you look at the undisputed facts here, there very clearly is, under the case law, that we have probable cause for a police officer when there's an accusation of rape, when the perpetrators are identified, when there's no question that these are the perpetrators, to make the arrest. I understand Donna's question and statement, but I respectfully disagree because when we look at identification, there also has to be an inclusion of the reliability and the credibility of the complaining person. And what case do you cite for that? Well, we have multiple cases that were cited, Your Honor, that dealt with the Wolfson case. It's not a rape case, but it says identification alone is not sufficient. They said identification alone is not sufficient. Those are not, you're correct, cases in which the allegation was rape. There are other allegations, I think it's excessive force in those cases. But there the question was probable cause is identification in and of itself enough. And in both of those cases, different panels of this circuit have said that exculpatory information cannot be excluded and the reliability of the complaining witness has to be a factor. And in this case, I submit to the court that investigations of rape allegations are very sensitive on both sides of the aisle. You have a victim, alleged victim, and you have someone who, with that accusation, especially a student, who can be light-faulted and it's a false allegation. And here I'm saying that the evidence, and again, I think the one thing I will say, Your Honor, Judge Wolfson, is that most of the cases that are discussed by both the defendant or the appellant, and us as the respondents, are summary judgment cases. Here we are at a motion to dismiss. I'd say 90 or 95% of the cases at the party site deal with summary judgment, totality of the circumstances, and here we're at a motion to dismiss where it's the allegation solely in our complaint. But we're dealing with a situation where a policeman gets a warrant to make an arrest. Correct. What, I mean, can the policeman say, oh, gee whiz, I think that I must go back to the police station and tell the detectives to investigate this and that and that? Or can the policeman receiving the warrant say, this is properly issued, I will make the arrest? Can the officer taking the complaint say, I have interviewed the complainant, she's a student at the university, she has identified the perpetrators, we have a description of what occurred, I have gone to a magistrate judge and gotten a warrant issued. In a situation where there is some immediacy, what burden do you want to put on a police officer before he or she can execute a warrant? And the case law seems to say, in those situations, you have a properly executed warrant, you go ahead and you make the arrest. And what burden do we want to put on the police? Well, it's the benefit I want to put a burden on the police, because I'm not a police procedure expert. You're making an argument that a policeman can't, with a warrant issued on probable cause,  and if I may judge, if this case was coming back on summary judgment, I would be able to give you a more articulated answer based on the expert who we have. That's not in the case, it's not before the court of record, but we will have an expert who will say that this investigation does not match up with what is appropriate to get a cause in this setting. Well, let's look at what you have alleged. You have basically alleged that had the police done an investigation, what they would have learned largely is that the victim knew these individuals, lived in the same general vicinity as these individuals, and had consensual sexual relations with them in the past. Correct. So she should be, the inference would be, if they had done that, she'd be unreliable because she knew these guys and that she had prior sexual encounters with them. Federal Evidence 412 says prior sexual history irrelevant. If we got rid of all of that, what more would the, based on your allegations and your complaint, since none of that matters, the cops could not weigh that as a factor because her prior sexual history is not at all, not what's relevant, it's not admissible. So what do you say the officers would have learned had they conducted the investigation you suggested? They would have seen 30 recalls to one of my clients that day, seeking him out before anything happened. Right, and that's the point. You're right, I understand, but see, and here I think we're getting into a contest of what the facts are, and I think that's what Judge Multi said. This gets into, you know, what can or can't be proven at trial, and I think there is a dispute on the fact. And what I'm saying is that a policeman, given a warrant, shouldn't have to go through that procedure, shouldn't have to think about what can be proven at trial. He has a validly issued warrant, and his duty is to go and execute that warrant. But you can't exclude exculpatory evidence, including. . . At that point. . . Your Honor, Judge Schwartz asked what else was there. There's a video of her coming and going, entering and exiting with no distress. There's no evidence of physical harm to her. There was no rape kit, according to the allegations. There's no description of Sergeant Ellen B. Simone's investigation of what, if anything, she found physically wrong with her. And I can say that when you fast forward. . . And so does a policeman have to go and say, are there any videotapes available? Was there a rape kit? Does a policeman have to do all this investigation before you can execute a warrant? I think. . . So you say there's never a circumstance where a sole ID is enough for a police officer to act. I think there are instances where there is no exculpatory evidence and everything is reliable. Okay, let's assume, should this never happen, that there's someone in a park, comes out from the woods and says, expresses that the person had been sexually assaulted and points in the direction of the offender who's, like, getting in a car. Are you saying that that police officer can't go and arrest him based upon that report? No, I'm not saying that. Okay. Then why, if that is permissible conduct, why isn't this permissible conduct? Because here, going back to what Judge Crawford said at the beginning, is this is a three-day situation, including over Thanksgiving, where there are no witnesses, no one can be interviewed. These are students. She did identify them by name and by sight. We know where they were. The police officers knew where they were coming back to school. They were off campus at the time. They were arrested in their home off campus on Thanksgiving weekend. So you're saying the absence of exigency should influence what an officer is required to do? I think so, in the case of this level of sensitivity, and I think that that's what, if this case is put forward to a summary judgment stage, will show that that's what should have happened in this case. If I may, Counsel, this may be a different way of asking the questions that judges Roth and Schwartz have been asking. I'm going to build it more maybe into the standard that this Court has articulated for what constitutes probable cause. Sure. In the Myers case, this Court said probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant the person of reasonable caution to conclude that an offense has been committed. And I think my question is, your point is that the victim at the end of the day was not credible, that the information that she provided was not reasonably trustworthy. My question is, at what point, what in your view does an officer have to do to assure him or herself that the information he or she has received is reasonably trustworthy? Because that's really what we're talking about, correct? So under these facts, applying that standard, and to Judge Schwartz's point, you have an identification, an eyewitness, there goes the guy. How is this that much different? And are you suggesting that maybe in a sexual assault case, where, as you pointed out, it's often a he said, she said thing, that there's now a heightened standard for an officer to determine what's reasonably trustworthy? Well, I think that's a very good question, Judge. And I think this case is not about what happened in that room was appropriate. It's not about whether something we would do, as opposed to what they did, and whether consensually doing that activity was right or wrong. But when you get an allegation of kidnapping, being held in a room against one's will by five men, that sounds really serious, and it's easy to jump to the conclusion that, okay, we have a heinous crime here, and we need to take serious action. And I appreciate that, and first blush, I think that's what most of us would say. But in this instance, if the veracity or the story being told, I'm not blaming the victim here. It's an alleged victim, I'm saying. But if someone comes forth and the story doesn't make sense or there are holes in the story, I think then the police officers have to determine whether there was exculpatory evidence. But your answer presumes that the officer has to, at first blush, look for holes in the story. Well, I'm saying if there were holes in the story. Well, I mean, but the whole issue is how are they going to know if they don't further investigate? And back to the standard of reasonably trustworthy information, is it your position that the officer has to do at least some initial vetting to determine whether the information is reasonably trustworthy? I submit that the answer is yes to that question, and I submit that under the allegations as accepted as true at this state, we've alleged that the veracity at the time, their story was not a good story. But hasn't the magistrate judge in issuing the warrant made a determination whether the information is reasonably trustworthy? Based on what was presented to the magistrate judge. What we're submitting is that that was bad information. And if the warrant issues based on statements or omissions that were recklessly disregarding the truth and didn't include exculpatory information, the magistrate judge is only presented with what he or she has at the moment. Well, but so is the policeman. The policeman depends upon the magistrate judge for making a determination whether the presentation to issue the warrant demonstrate probable cause, and that is a determination about what is the quality of this information that I'm getting. And having gone through the filter of the magistrate to return to the policeman who has much less training in probable cause to say, all right, now you've got to determine, too, what investigation should be made. Well, I think if we go back to if the information that the police officer, University Police Department, if they're, to use your honor, who are less trained here were saying, quote, trained, but not trained at all, they believe is probable cause based on incomplete, inaccurate, or false information. And they're not the magistrate judge. I think you're chasing your tail. I don't think so, because if you're the magistrate judge sitting there and you're listening to a presentation of fact that you are presuming the police officer is coming forward with everything, including exculpatory information, you're going to issue the warrant based on what the police officer is saying. So you're saying that the fact that the magistrate judge may have, based upon the information presented to him or her, found it was probable cause, your view is that's not what you're really complaining about. What you're complaining about is that the officer's presentation to that magistrate judge, quote, recklessly disregarded relevant information. But as I understand the allegations, though, at the time, there was no, the officer didn't have information to disregard. Your point is they failed to investigate, and therefore they didn't get it. But they went to the magistrate, and on the basis of what they said, the magistrate issued the warrant. And, I mean, that is generally considered to be, then, probable cause to make an arrest when you have a warrant issued. I know my time is up. May I respond to that question? Right now, all I have is the complaint, and we don't get access to what was presented at that point. The reason for qualified immunity is so that policemen don't have to spend months being deposed and going through the preparation of the case. The reason for qualified immunity is to make this determination at the very outset of the case and proceed from there, and that's what we're trying to do. And that needs to give two policemen a certain ability, when they have a warrant issued on probable cause, to go forward with that warrant. Respectfully, though, there's a lot of case law that we cited, and Judge McNulty said that it's typically a jury question because it's fact-based. So qualified immunity is nothing? No, I'm not saying it's nothing, Judge. I mean, there's very few cases that deal with this at the 12B6 state, very few. And most of them, including the Supreme Court, which counsel cited earlier, was a summary judgment case. And most of the cases I've seen do deal with it at this point because that's what the Supreme Court has said, that qualified immunity protects the accused defendant who is doing a job with no discretion where they are ordered within the scope of their employment to do a job, that they can get out of the case at the very beginning and you don't have to drive them through the whole procedure. We're clear it's a matter of law. And that's what I'm saying, that it is clear it's a matter of law that a policeman with a warrant issued on probable cause can make an arrest. I respectfully disagree with Your Honor on that, and I believe that Judge McNulty was correct in saying that it's not a matter of law. My time is well overdue, and I appreciate the time and the courtesy. Thank you. Thank you for arguing. Okay, we'll hear counsel in rebuttal. Thank you, Your Honor. Your Honor, this debate, this conversation we're having, is exactly why an officer put in a position that the University Police were here would not have known that no reasonable officer who would have arrested when they did was violating the law that would have subjected them to civil exposure, not just the time and effort to go into court and have to do depositions, but actual civil liability. That's why we have qualified immunity. And respectfully, plaintiff's counsel suggests 95% of the cases are at summary judgment. That's wrong. The Supreme Court and this circuit has repeatedly said you have to make this determination at the earliest possible stage and before discovery. I think you're both right. I think you're both right. I'm sorry. No, go ahead. I think you're both right. Many of the cases we read in preparation for argument were at the summary judgment stage, yet the principle that you articulate about wanting to have that done quickly is correct. And isn't the rub here where we have the tension between 12b-6 and the district court judge being obligated to take all the allegations as true versus a determination at what point in the timeline for qualified immunity. And, you know, that's really the tension here, correct? I didn't mean to. So I think ultimately where you go back to, and what the Supreme Court has said twice in the last term and once the term before and once the term before, is you have to do this analysis of the clearly established law at the specific level. And so what law do you think we should articulate that as soon as an officer gets an identification of a crime victim, that is sufficient probable cause for stop? No, because you have to get a warrant. No, no, no. But that's before they go into the magistrate judge. And we have the added benefit here of the warrant, which is even more reason why. Yeah, but the warrant was based on what you guys told us. So it's one and the same thing. Based on the facts as alleged in the complaint, that's all we knew. Right. But I can't say that we didn't know the facts. But what is the clearly established law that should be set so the officers know what they do? They have to have an assessment of evidence that gives them the reason to go to the judge to get the warrant. So they're making some assessment of, I think I have probable cause here. I'm going to go to a judge. Are you saying that the clearly established law that was absent is a need to corroborate and find the witness reliable? So the nice thing about what the Supreme Court did in Pearson v. Hallahan was to say that that two-step process, what the statutory constitutional rule is, and then whether it was clearly established, you can do it in any order. I understand that. But what is the articulated constitutional principle that you claim was not clearly established when these officers were required to act? That with a facially valid, that a victim witnesses identification of the assailant to the crime, they admit they were the people who were identified. There's no false identification. That on its own, without independent exculpatory information or reason to doubt it, the credibility is enough to arrest at that point. First off, you don't have to continue to investigate. You can. Maybe you should. But from a qualified immunity perspective, you don't have to. And then we have the added benefit here of they did go based on the facts that they knew and got a warrant. It wasn't like, you know, they didn't go ahead and do that additional step. So the officer had that knowledge that, you know. But, Wilson, this is our court's language, and, Wilson, while we agree a positive identification by a victim witness without more would usually be sufficient to establish probable cause, this qualified precept cannot be rendered absolute. So aren't we by our own precedent barred from setting up the legal standard you just asked us to articulate? I'm sorry, Your Honor. This is from Wilson? I lost my train. Can you just read that quote one more time? While we agree that a positive identification by a victim witness without more would usually be sufficient to establish probable cause, this qualified precept cannot be rendered absolute. So aren't we bound by our own precedent? We couldn't, Judge McNulty couldn't have articulated that as a clearly established law that you've identified because it's inconsistent with Wilson. No, but what we're saying, though, is that there was no clearly established law at the time that would have told these officers that they had to do more investigating. And so if you want to say that they have to, if that should be the test, that they have to. But I think the court has said that, and that was abandoned. No, the problem is it's what the officers know at the time they go to the magistrate and the time they get the warrant. And if at that time what they know and what they tell the magistrate, the magistrate judge has a screening process and can say, no, that's not probable cause, I won't issue the warrant, won't issue the warrant. But it's what they know at that time. Now, if at the time they go to get the warrant, they know that this information is not reliable, they know other facts which take away from the credibility of the complaining witness, they have to look further. But at the time they go to get the warrant, there is nothing that would gainsay what they know. So then they can rely upon that warrant, and Wilson does not detract from that. Well, with one... I'm sorry, if you want to respond to Judge Roth. Yes, please. I just want to add to it a little bit, and the witness counsel suggested that they should be obligated to. When you go in front of a magistrate, you don't have an obligation to say, okay, here's what my investigation was. I started here, then I did these three things, I didn't do these four things, and so that's where we end up. The test is that the magistrate looks at, on the four corners of the document, is there enough probable cause there? If there isn't, then the magistrate says, well, sorry, if there is... I don't really think your officer is just saying that the four corners of the particular affidavit submitted lack probable cause on their four corners. I understood the complaint in this case to be the officer should have looked beyond what the victim said to satisfy. That's what I think that the real complaint is. And isn't that requirement... That's where the qualified immunity comes in. Well, but to my question to Mr. Epstein, isn't that requirement that Judge Schwartz just articulated, isn't that embedded in the definition of probable cause? Because here your argument, and forgive me for oversimplifying, I know it's more complex than this, but in essence there was probable cause, they had a right to effectuate the arrest, they have a right to qualified immunity, everything kind of flows from the fact that there was probable cause. And probable cause requires reasonably trustworthy information. So it seems to me that built into that, and maybe this is kind of an overlay to both my colleagues' questions, is built into that there seems to be something that the officers have to do to assure themselves that the information is reasonably trustworthy or that those words wouldn't be in the standard, right? And so my question is, what is that? Can we just take the word of someone all the time, some of the time? If not, when does the officer have to take the next step? Can you help me with that? So I think the principle that you're pointing to is that general probable cause case, and not in every criminal case do you have a victim-witnesses statement to law enforcement, right? And so this is a subset of probable cause cases, and the law in this subset says identification from a victim-witness on its own is enough probable cause, you don't have to continue investigating. Now, if there was no victim-witness here, if a third party came in and said, oh, I heard some noise in that room, you know, there were five guys and a woman in there, you know, I think there was a rape that went on, now that's a different test. And there's no law, we don't have any law that suggests that would be enough for them to go out and arrest. But on the facts here, which is where a victim-witness goes to law enforcement and says, I was raped in a freshman dorm room by five men. Back to appellate jurisdiction, is your position that a legal question, and the reason why we have appellate jurisdiction is as a matter of law, if a victim-witness in a sexual assault case identifies the perpetrators, that exists, that's probable cause. And so as a matter of law, we can review this denial of qualified immunity, because Judge McNulty did not adopt that legal precept. So you can review it under collateral order of doctrine, because we have no fact in dispute. Qualified immunity is to be... We're only reviewing legal questions, so what's the legal question we would be looking at? The legal question, as I understand your argument, is the legal principle is police officers can arrest on the identification of a sexual assault victim without being obligated to look beyond those statements. So my point, and I go back to it, because I think it's the easier part, Judge Schwartz, that would be fine from the first prong of the qualified immunity test. But the second prong, which is, was it clearly established at the time? Are you suggesting that it... I thought you said it was clearly established, that that was enough. Sure. Yeah, I think it was, which is... That's right. I understand your argument. The opposite, it certainly wasn't, which it would have to be. You're saying clearly established, your answer is yes. Yeah. Right, you're saying that principle is clearly established. Yes. And since that's the principle of law, you think we have appellate jurisdiction to review whether judgment felt deferred by not applying that principle of law. Absolutely. You're looking at too high of a generality. I understand your position. Anything else? Anything else? Okay, thank you both for your well-argued case, and we'll take the matter under advisement, and we are done with today's cases. Some people are, and some people aren't. Sorry, one of my colleagues is still working today. Thank you.